

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00254-CV

---

In re George M. Bishop, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Today, Relator George Bishop filed a petition for writ of mandamus asking this Court to issue an order staying the trial set for October 23, 2025, and setting aside the "Order on Plaintiffs' Motion to Enforce Court Orders" by the Honorable Monty Kimball of the 394th Judicial District Court of Brewster County filed October 21, 2025, which finds that, after "hearing argument of counsel and considering the evidence presented to the court" on October 16, 2025, Relator intentionally and consistently ignored the court's orders causing unnecessary delay and expense, Relator did not comply with ordered sanctions or otherwise take action to contend to the court that such sanctions would preclude access to the court system, Relator consistently made incorrect and inconsistent statements to the court, and Relator abused the rules of procedure, among other things.

The subject order grants partial default judgment on liability issues against Relator and orders that the trial will solely address damages.

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). A party seeking mandamus relief bears the burden of providing a court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Relator must include in the record "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. Tex. R. App. P. 52.7(a)(1). The record must also include a transcript of any "relevant testimony from any underlying proceeding, including any evidence" as applicable. Tex. R. App. P. 52.7(a)(2); s*ee also Walker*, 827 S.W.2d at 837 (denying mandamus relief because transcripts of relevant hearings not provided); *In re Motor Car Classics*, No. 06-10-00051-CV, 2010 WL 2784437, at *2 (Tex. App.—Texarkana July 15, 2010, orig. proceeding) (mem. op.) (same).

Relator fails to include the Plaintiffs' Motion for Sanctions for Failure to Comply with Discovery Orders and Material Misrepresentations to the Court. And despite the mention of multiple hearings in the Appendix which appear to bear on the substance of Relator's petition, including hearings on June 3, 2024, and October 16, 2025, Relator does not include any hearing transcripts or evidence from such hearings in the record, as applicable. The trial court, in its October 21, 2025 order about which Relator complains mentions that it considered evidence and even made findings on that basis. Without a proper record, we are unable to determine whether the trial court clearly abused its discretion. *See* Tex. R. App. P. 52.7; *In re Corpus Christi Liquefaction, LLC*, 588 S.W.3d 275, 278 (Tex. 2019) (orig. proceeding) (emphasizing that

"mandamus shall not be dependent upon the determination of any doubtful question of fact") (internal citation omitted); *In re Martinez*, No. 08-24-00023-CV, 2024 WL 1723958, at \*2 (Tex. App.—El Paso Apr. 22, 2024, orig. proceeding) (mem. op.) (denying petition for mandamus for incomplete record); *In re Williams*, No. 08-22-00051-CV, 2022 WL 1210574, at \*1 (Tex. App.—El Paso Apr. 25, 2022, orig. proceeding) (mem. op.) ("Due to the lack of an adequate mandamus record, we are unable to determine whether the trial court abused its discretion.")

Moreover, Relator does not argue or present legal authority in his petition to show that he has no adequate remedy on appeal.

Because we conclude that Relator failed to demonstrate entitlement to mandamus relief, we deny his petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a). We further deny Relator's Emergency Motion Requesting Stay of Trial as moot.

LISA J. SOTO, Justice

October 22, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.